THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MACY SMITH AND SALLY JOHNSON, individually, and as representatives of a Class of Participants and Beneficiaries of the Recreation and Equipment, Inc. Retirement and Profit Sharing Plan,<br><br>Plaintiff,<br><br>v.<br><br>RECREATIONAL EQUIPMENT, INC.; BOARD OF DIRECTORS OF RECREATIONAL EQUIPMENT, INC; and RETIREMENT PLAN COMMITTEE OF RECREATIONAL EQUIPMENT, INC.,<br><br>Defendants. | Case No. 3:24-cv-06032-TMC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>NOTE ON MOTION CALENDAR:<br>June 27, 2025<br><br>*ORAL ARGUMENT REQUESTED* |

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. The Settlor Doctrine Bars Plaintiffs' Claims. ............................................... 2

    B. DOL Guidance On Allocating Fees Requires Dismissal Of Plaintiffs' Claims. ........................................................................................................... 4

    C. None Of Plaintiffs' Cases Support Their Claims Because They Concede The Plan's Overall Per Participant Fees Were Reasonable. ................................ 6

    D. Plaintiffs Do Not Plausibly Allege That The Committee Acted Disloyally By Allocating Fees Consistent With The Terms Of The Plan And FAB 2003-03. ........................................................................................................ 6

    E. Plaintiffs Do Not Plausibly Allege A Loss To The Plan. ............................... 8

    F. Plaintiffs Do Not State A Failure-to-Monitor Claim. ................................... 10

III. CONCLUSION ....................................................................................................... 10

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT
(Case No. 3:24-cv-06032-TMC)

i

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Intel Corp. Inv. Policy Comm.*,
  579 F. Supp. 3d 1133 (N.D. Cal. 2022), *aff'd*, 137 F.4th 1015 (9th Cir. 2025) ....................7, 9

*Bouvy v. Analog Devices, Inc.*,
  2020 WL 3448385 (S.D. Cal. June 24, 2020)..........................................................................6

*Coppel v. SeaWorld Parks & Entm't, Inc.*,
  2023 WL 2942462 (S.D. Cal. Mar. 22, 2023) .........................................................................6

*Cryer v. Franklin Templeton Res., Inc.*,
  2017 WL 4023149 (N.D. Cal. July 26, 2017)..........................................................................9

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999).................................................................................................................3

*Hughes v. Nw. Univ.*,
  595 U.S. 170 (2022).................................................................................................................3

*Hursh v. DST Sys., Inc.*,
  666 F. Supp. 3d 947 (W.D. Mo. 2023) ....................................................................................8

*Hutchins v. HP Inc.*,
  767 F. Supp. 3d 912 (N.D. Cal. 2025), appeal pending, No. 25-826 (Feb 07,
  2025) ....................................................................................................................................2, 4

*Johnson v. Providence Health & Servs.*,
  2018 WL 1427421 (W.D. Wash. Mar. 22, 2018) ....................................................................5

*Leckey v. Stefano*,
  501 F.3d 212 (3d Cir. 2007).................................................................................................9, 10

*Lockheed Corp. v. Spink*,
  517 U.S. 882 (1996).................................................................................................................3

*Loomis v. Exelon Corp.*,
  658 F.3d 667 (7th Cir. 2011) ...........................................................................................3, 4, 5

*Matula v. Wells Fargo & Co.*,
  2025 WL 1707878 (D. Minn. June 18, 2025).........................................................................3

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT                    ii
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

*Mugnai v. Kirk Corp.*,
    843 F. Supp. 2d 858 (N.D. Ill. 2012) .................................................................................. 8

*Nagy v. CEP America, LLC*,
    2024 WL 2808648 (N.D. Cal. May 30, 2024) ................................................................... 6

*Naylor v. BAE Sys., Inc.*,
    2024 WL 4112322 (E.D. Va. Sept. 5, 2024) ...................................................................... 3

*Singh v. Deloitte LLP*,
    650 F. Supp. 3d 259 (S.D.N.Y. 2023) ................................................................................ 5

*Summers v. State Street*,
    104 F.3d 105 (7th Cir. 1997) ......................................................................................... 7, 8

*Troudt v. Oracle Corp.*,
    2019 WL 1006019 (D. Colo. Mar. 1, 2019) ....................................................................... 9

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996) ....................................................................................................... 7, 8

*Wise v. Verizon Commc'ns, Inc.*,
    600 F.3d 1180 (9th Cir. 2010) ..................................................................................... 8, 10

*Wright v. JPMorgan Chase & Co.*,
    2025 WL 1683642 (C.D. Cal. June 13, 2025) ................................................................... 3

*Wright v. Oregon Metallurgical Corp.*,
    360 F.3d 1090 (9th Cir. 2004) ....................................................................................... 3, 4

**Statutes**

29 U.S.C. § 1109(a) .................................................................................................................... 8

29 U.S.C. § 1132(a)(2) ........................................................................................................... 2, 8

29 U.S.C. § 1132(a)(3) ............................................................................................................... 7

ERISA ................................................................................................................................ *passim*

**Rules**

Rule 12(b)(6) ......................................................................................................................... 4, 8

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT
(Case No. 3:24-cv-06032-TMC)

iii

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

## I.  INTRODUCTION

Unlike every other case challenging retirement plan recordkeeping fees under ERISA, Plaintiffs *admit* in both their Amended Complaint ("Complaint") and their Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp'n") that the fiduciary responsible for monitoring recordkeeping fees negotiated a reasonable and prudent fee of no more than $38 per participant during the putative class period. That concession disposes of Plaintiffs' claims.

Plaintiffs nonetheless insist the Court should infer that the REI Retirement Plan Committee ("Committee") utilized a flawed process for monitoring the Plan's fees because the Plan *sponsor*, REI, designed the Plan to allocate recordkeeping fees only to participants with an account balance of $5,000 or more, meaning that some participants pay more than $38 while others pay nothing at all.[1] But Plan design decisions made by the sponsor are not subject to ERISA's fiduciary provisions, so Plaintiffs' claims fail as a matter of law. And arguing the Committee had discretion to change the Plan's $5,000 account balance *threshold* to a different level (*e.g.,* $1,000) gets Plaintiffs nowhere, because the Committee had no discretion to change the allocation *methodology* established by the Plan sponsor, and the methodology is the basis of the alleged violations.

Even if they challenged fiduciary conduct, Plaintiffs' Opposition confirms they cannot state a plausible claim for a breach of ERISA's duties of prudence and loyalty. Plaintiffs do not dispute that the DOL has endorsed a model for allocating fees that – like the Plan here – requires some participants to pay more than others so long as the overall fee is reasonable. Case law spanning almost two decades that rejected challenges to a revenue sharing fee model has done the same. Plaintiffs point to no authority supporting their theory, instead citing a handful of cases that denied dismissal of claims challenging the reasonableness of a Plan's overall fee, not the method for allocating fees. That inapt authority does nothing to save Plaintiffs' claims. Moreover,

---

[1] Plaintiffs argue the Court should ignore reductions to the recordkeeping fee (from $38 per participant down to $35 in 2022, then down to $33 in 2024) that Defendants referenced in their opening memorandum (Opp'n at 3 n.1), but it is undisputed that the total fee paid by the Plan was no more than $38 per participant during the putative class period. *E.g.*, Am. Compl. ¶ 47.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 1
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1  Plaintiffs do not allege the method for allocating fees benefitted the Committee or REI, a necessary
2  element of their disloyalty claim.

3  Finally, Plaintiffs do not allege that the purported breaches caused a loss to the Plan,
4  meaning they do not have a cause of action under ERISA Section 502(a)(2), 29 U.S.C. §
5  1132(a)(2), the only provision they sue under. Plaintiffs' argument that ERISA authorizes suit by
6  a subsection of participants when the Plan is harmed mischaracterizes the issue. A loss to a "plan"
7  occurs when the alleged breach causes a diminution in the aggregated plan assets. Plaintiffs'
8  concession that the $38 per participant fee was reasonable means the total fee paid out of Plan
9  assets was also reasonable, which in turn means that the Plan suffered no loss, despite Plaintiffs'
10 allegation that some participants paid more than others.

11 As explained in further detail in Defendants' Motion to Dismiss ("Motion") and herein, the
12 Court should dismiss the Complaint with prejudice.

13 **II.    ARGUMENT**

14 **A.    The Settlor Doctrine Bars Plaintiffs' Claims.**

15 Plaintiffs fail to state plausible claims because they do not challenge fiduciary conduct by
16 the Committee. Instead, the fee allocation methodology they challenge is a "settlor" decision made
17 by REI, the plan sponsor. Mot. at 8-11. It is blackletter law that those types of plan design decisions
18 cannot support a fiduciary breach claim. *Id.*

19 Plaintiffs allege that ERISA prohibits a Plan sponsor from ***ever*** using a method of
20 allocating fees that requires one set of participants to pay a higher percentage of fees than another.
21 According to the Plaintiffs, the "***only*** proper way to alleviate costs to participants below a certain
22 asset threshold, consistent with fiduciary duties, is for a company/plan sponsor to pay the RKA
23 costs rather than have the Plan Committee shift them in a discriminatory fashion to participants
24 who have higher balances." Compl. ¶ 101 (emphasis added). But the law is clear that decisions
25 about how much to contribute to a plan or how to pay plan expenses are settlor decisions that do
26 not implicate ERISA's fiduciary obligations. *E.g.*, *Hutchins v. HP Inc.*, 767 F. Supp. 3d 912, 921

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 2
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

(N.D. Cal. 2025) (*Hutchins II*), appeal pending, No. 25-826 (Feb 07, 2025); *see also Loomis v. Exelon Corp.,* 658 F.3d 667, 671 (7th Cir. 2011) ("whether to cover [recordkeeping] expenses is a question of plan design, not of administration") (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999); *Lockheed Corp. v. Spink*, 517 U.S. 882 (1996)), *abrogated in part on other grounds by Hughes v. Nw. Univ.,* 595 U.S. 170 (2022); *Naylor v. BAE Sys., Inc.*, 2024 WL 4112322, at *5-7 (E.D. Va. Sept. 5, 2024) (dismissing fiduciary breach claim because the "unambiguous, mandatory language" of the plan required using forfeitures to reduce sponsor contributions, not pay expenses, and doing so did not involve fiduciary behavior). And courts have rejected claims alleging that ERISA requires the plan sponsor to pay administrative expenses. *Id.*; *see also Wright v. JPMorgan Chase & Co.*, 2025 WL 1683642, at *5 (C.D. Cal. June 13, 2025) (dismissing complaint; "ERISA does not require fiduciaries to 'maximize pecuniary benefits' or to 'resolve every issue of interpretation in favor plan beneficiaries'") (quoting *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1100 (9th Cir. 2004)); *cf. Matula v. Wells Fargo & Co.*, 2025 WL 1707878, at *3 (D. Minn. June 18, 2025) (failure to pay plan expenses from forfeitures did not cause plaintiff an Article III injury in fact where plan did not mandate such payments).

Plaintiffs' Opposition argues that the Plan grants the Committee authority to "deviate from the $5000 threshold limit for any individual Plan participant," and this grant of discretion puts their claims in the fiduciary bucket. Opp'n at 13-14. That is incorrect. While the Plan may grant the Committee authority to move the fee threshold up or down, it says nothing about utilizing a completely different model for paying fees by allocating fees equally to all participants, which is what Plaintiffs advocate. *See* ECF 31-2, Section 10.4(b)(v) ("Committee may exempt from per capita charges accounts whose value is below a threshold set by the Committee that is greater than or less than the threshold in (b)(ii)."). So even if the Committee could have changed the fee threshold—*e.g.*, by having participants with balances of $1,000 or more pay recordkeeping fees and those with less than $1,000 pay nothing—Plaintiff still would allege that was a fiduciary breach. In other words, Plaintiffs are challenging REI's decision to structure the Plan in a way that

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 3
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

allocates fees to a subset of participants, whether participants with a balance of $5,000 or more or some lower or higher threshold. That decision was made in a settlor capacity. *See Loomis*, 658 F.3d at 671 (employer's decision to "cover [plan] expenses" using the employer's own assets instead of assessing expenses to participants "is a question of plan design," not a fiduciary decision); *Hutchins II*, 767 F. Supp. 3d at 921 ("HP *acting as settlor* determines whether, in a given year, Plan expenses will be paid by HP or charged to Plan participants' accounts"). Because Plaintiffs' claims challenge settlor, non-fiduciary decisions, the Court should dismiss the Complaint. *See Wright,* 360 F.3d at 1102 (collecting Supreme Court cases that "affirmed Rule 12(b)(6) dismissals of ERISA claims on the ground that the conduct of the defendant was not that of a 'fiduciary,' but rather a 'settlor'").

   **B.**  **DOL Guidance On Allocating Fees Requires Dismissal Of Plaintiffs' Claims.**

Even assuming Plaintiffs' claims implicate fiduciary decisions, Plaintiffs can't state a viable claim based on the Plan's method of charging fees. The DOL's Field Assistance Bulletin 2003-03 ("FAB 2003-03"), **which Plaintiffs cite in their Complaint**, confirms that both pro rata (allocating fees as a percentage of assets in each participant's account) and per capita (allocating fees evenly to all participants regardless of assets) models are permissible methods of allocating plan fees. ECF 31-3 at 2; Compl. ¶ 99 (citing FAB 2003-03). The DOL also explained that a particular method of fee allocation would not violate ERISA "merely because the selected method disfavors one class of participants." ECF 31-3 at 2. In other words, the DOL approved the practice Plaintiffs contend violates ERISA, foreclosing Plaintiffs' claims. *See* Mot. at 8-9, 14-15.

For example, under the pro rata method, each participant might pay a recordkeeping fee of 0.05% of assets in their individual account. A participant with $1,000 in her account would pay an annual fee of $0.50; a participant with $100,000 would pay $50.00; and a participant with $1,000,000 would pay $500.00. According to the DOL, that would not violate ERISA's duties of prudence or loyalty, even though it obviously disfavors participants with higher account balances by requiring them to bear the bulk of the plan's recordkeeping fees while participants with lower

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 4
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

balances pay next to nothing. ECF 31-3 at 2; *see also Singh v. Deloitte LLP*, 650 F. Supp. 3d 259, 262, 266-67 (S.D.N.Y. 2023) (dismissing claim alleging among other things that a "prudent fiduciary" would never pay fees using a pro rata method). At the same time, paying recordkeeping fees using a flat fee allocated to each participant equally "might be beneficial for participants with the largest balances," but for participants with smaller balances, it "could work out to more, per dollar under management." *Loomis*, 658 F.3d at 672-73. And paying recordkeeping fees through revenue sharing results in similar disparities, with some participants potentially paying little or no fees and others paying a significant amount depending on the investments selected by each participant.[2] Mot. at 15-16. But all of these are permissible, and there is no conceptual difference between those models and what Plaintiffs complain of here.

Plaintiffs have ***no answer*** for this point. Even though they cited FAB 2003-03 in their Complaint, they barely mention it in their Opposition. Plaintiffs' only argument is that the Committee has not "provided a rational basis for the fee allocation method it selected." Opp'n at 14. First, that is wrong. The Plan allocated fees in the manner it did because that is how REI as the Plan sponsor decided fees ***must be allocated***, as memorialized in the Plan documents. Mot. at 5-6, 8-9 (discussing requirement that fiduciaries adhere to terms of a plan). Second, that argument flips the burden of proof on its head. Defendants have no obligation to disprove Plaintiffs' claims at this stage. Rather, Plaintiffs must plausibly allege facts permitting an inference that the process for monitoring fees was flawed. *E.g.*, *Johnson v. Providence Health & Servs.*, 2018 WL 1427421, at *7-8 (W.D. Wash. Mar. 22, 2018) (dismissing excessive fee claim because plaintiff did not plausibly allege fiduciary process was flawed). They concede the total per participant fee was

---

[2] Plaintiffs argue that the authority approving revenue sharing is irrelevant because the Plan used a per capita method. Opp'n at 15 n.2. That misses the point entirely. Defendants cite the revenue sharing cases because they approved a model for paying recordkeeping fees that results in different participants paying different levels of recordkeeping fees based on the investments they select, and that is no different in kind than the model the Plan used. Mot. at 16. Notably, Plaintiffs have nothing to say about the pro rata method approved by the DOL. *See generally* Opp'n.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 5
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400  FAX +1.206.274.6401

reasonable, and the allocation methodology is consistent with more than two decades of DOL guidance and relevant case law holding that revenue sharing is a permissible way to pay recordkeeping fees. Based on the foregoing, the allegations in the Complaint cannot state a plausible claim.

    **C.    None Of Plaintiffs' Cases Support Their Claims Because They Concede The Plan's Overall Per Participant Fees Were Reasonable.**

Unlike other lawsuits challenging 401(k) plan recordkeeping fees, Plaintiffs concede the Plan's overall per participant fees were reasonable. Mot. at 11-17. Instead, Plaintiffs argue the subset of Plan participants they seek to represent paid an excessive fee, even if the overall fee was prudent. Opp'n at 6. They point to no cases supporting this theory. *See id.* at 6-9. Rather, they rely on cases involving markedly different allegations. For instance, in *Nagy v. CEP America, LLC*, 2024 WL 2808648 (N.D. Cal. May 30, 2024), the plaintiff alleged that the fiduciaries breached their duty of prudence by causing all plan participants to pay excessive fees of more than $600 per participant to two different services providers. *Id.* at *1-2. The plaintiff also alleged these excessive fees were subsidizing services for a different plan for the benefit of the plan sponsor, a breach of ERISA's duty of loyalty. *Id.* There are no such allegations here. Plaintiffs' other cases all involve allegations that the per participant fee was excessive, ***not*** that the methodology for allocating fees violated ERISA. *See Coppel v. SeaWorld Parks & Entm't, Inc.*, 2023 WL 2942462, at *13-17 (S.D. Cal. Mar. 22, 2023) (alleging participants paid recordkeeping fees exceeding $100 per participant when a reasonable fee would have been $40-$59); *Bouvy v. Analog Devices, Inc.*, 2020 WL 3448385, at *10 (S.D. Cal. June 24, 2020) (alleging participants paid recordkeeping fees exceeding $125 per participant when a reasonable fee would have been $50). Here, of course, Plaintiffs concede the overall $38 (and lower) fee was reasonable, rendering these cases irrelevant.

    **D.    Plaintiffs Do Not Plausibly Allege That The Committee Acted Disloyally By Allocating Fees Consistent With The Terms Of The Plan And FAB 2003-03.**

Plaintiffs also allege the Committee breached its duty of loyalty to participants with

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 6
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

accounts balances of $5,000 or more because those participants pay recordkeeping fees and the other participants do not. Compl. ¶¶ 140-41. The DOL's FAB 2003-03 and case law addressing disloyalty allegations requires dismissal of this claim as well.[3] Mot. at 17.

Plaintiffs argue that "favoring" participants with account balances less than $5,000 "for no rational reason" could be considered disloyal. Opp'n at 10. But as discussed in Defendants' Motion and herein, the allocation methodology that Plaintiffs challenge is required by the Plan and consistent with DOL guidance. Indeed, the DOL rejected this argument in FAB 2003-03, explaining a fee allocation would not violate ERISA's duty of loyalty "merely because the selected method disfavors one class of participants." ECF 31-3 at 2. The Opposition ignores this authority altogether, and the suggestion that there is "no rational reason" for applying the Plan's methodology is nonsense.

To state a disloyalty claim, Plaintiffs "must allege that the [fiduciary's] decisions were made because of self-dealing." *Anderson v. Intel Corp. Inv. Policy Comm.*, 579 F. Supp. 3d 1133, 1156 (N.D. Cal. 2022), *aff'd*, 137 F.4th 1015 (9th Cir. 2025). The Complaint does not allege self-dealing, and Plaintiffs barely bother to address Defendants' argument that a disloyalty claim only survives when the allegations suggest that a fiduciary acted in its own self-interest or to benefit a third party to the detriment of a plan's participants. Mot. at 17-18.

Plaintiffs cite *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and *Summers v. State Street*, 104 F.3d 105 (7th Cir. 1997), for the proposition that fiduciaries must "treat all participants and beneficiaries impartially." Opp'n at 10. But neither case supports Plaintiffs' theory here. Both predate FAB 2003-03 and had nothing to do with recordkeeping fees. *Varity* is the seminal case holding that participants in ERISA-governed plans can seek individual relief under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), for a fiduciary breach. 516 U.S. at 507-15. The court rejected an argument that allowing such relief would require a fiduciary to place an individual participant's

---

[3] Plaintiffs argue the method for allocating fees was "discriminatory." Opp'n at 11-12. That is just a different label for "disloyal" and fails for the reasons discussed herein.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 7
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

interests over the interests of the plan as a whole. *Id.* at 513-14. And *Summers* involved a complicated corporate transaction in which an airline agreed to give a retirement plan voting control of the company in exchange for employees accepting lower wages and fringe benefits. *Id.* at 106. The court noted in dicta that the employer could not favor active employees over retired employees. *Id.* at 108. Neither of these cases say anything about the issues raised in this lawsuit.

Plaintiffs also point to an article from Vanguard to argue that Defendants did not proffer any evidence that the Committee documented its decisions regarding fee allocation. Opp'n at 15. Once again, that argument misses the point—Plaintiffs must plead plausible claims, and Defendants are under no obligation to introduce evidence of the fiduciary process at this stage. If Defendants had attempted to introduce evidence regarding the Committee's decision-making process, Plaintiffs would have argued that the Court cannot consider documents outside the Complaint and that Defendants' reliance on those documents creates a fact dispute in any event.[4]

### E. Plaintiffs Do Not Plausibly Allege A Loss To The Plan.

Plaintiffs suing under ERISA Section 502(a)(2), like Plaintiffs do here, must seek to recover losses to the "plan," not individual losses. 29 U.S.C. §§ 1132(a)(2), 1109(a); *see also Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) ("The claim for fiduciary breach gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by individual participants as a result of a fiduciary breach."); *Hursh v. DST Sys., Inc.*, 666 F. Supp. 3d 947, 999 (W.D. Mo. 2023) (explaining a participant can sue under Section 502(a)(2) when he "sustains losses to his individual account as a result of a fiduciary breach" because "the plan's aggregate assets are likewise diminished by the same amount"); *Mugnai v. Kirk Corp.*, 843 F. Supp. 2d 858, 874 (N.D. Ill. 2012) (rejecting argument that a plaintiff suing under Section 502(a)(2) "may recover for individual losses that are not losses to the Plan"). Plaintiffs admit that the overall per

---

[4] Plaintiffs make that exact argument with respect to the participant fee disclosures filed as exhibits to Defendants' Motion. *See* Opp'n at 3 n.1. Ninth Circuit courts routinely consider such documents in conjunction with a Rule 12(b)(6) motion, Mot. at 4 n.5, but the Court can and should grant Defendants' Motion even if it refuses to consider these documents.

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 8
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

participant recordkeeping fee was reasonable, so they also admit that the **Plan** suffered no losses to its aggregate assets. Mot. at 18-19.

Plaintiffs' Opposition argues that because they sue under ERISA Section 502(a)(2) they are proceeding in a "representative capacity" and necessarily seek "Plan-wide relief." Opp'n at 16-17. That argument is circular—according to Plaintiffs, anyone suing under Section 502(a)(2) seeks plan-wide relief because they are suing under 502(a)(2). Moreover, this argument, like others in Plaintiffs' Opposition, misses the point. Defendants are not arguing that a subset of participants could not sue under Section 502(a)(2) for a loss to the Plan. Instead, Defendants argue that ERISA Section 502(a)(2) does not provide a cause of action for *any* participant absent a "loss" to the Plan.

But Plaintiffs' concession that the per participant fee was reasonable means they cannot plausibly allege a loss to the Plan. In those circumstances, the **Plan** did not suffer a loss because the Plan paid a total reasonable fee of $38 times the number of participants, meaning the total assets held by the Plan were in no way impaired. *See Leckey v. Stefano*, 501 F.3d 212, 226 (3d Cir. 2007) (to determine whether a plan suffered a loss, "a comparison must be made between the value of the plan assets before and after the breach"); *Troudt v. Oracle Corp.*, 2019 WL 1006019, at *8 (D. Colo. Mar. 1, 2019) (to demonstrate a loss to a plan because of excessive fees, a plaintiff must show the plan's fees "were unreasonable compared to what was available in the market, leading the Plan to suffer compensable losses"); *cf. Cryer v. Franklin Templeton Res., Inc.*, 2017 WL 4023149, at *4 (N.D. Cal. July 26, 2017) ("[I]n determining constitutional standing, courts look not to individual funds but 'to the nature of the claims and allegations to determine whether the pleaded injury relates to the defendants' management of the Plan as a whole.'").

Plaintiffs' reliance on *Anderson*, an investment performance case, simply proves Defendants' point. Opp'n at 16-17. In that case, the plaintiffs sued on behalf of a putative class of participants who had invested in a few of the plan's investments, claiming the investments were imprudent because they generated lower returns than alternatives in the marketplace. 137 F.4th at 1019-20. Under this theory, both the individual participants who selected the "imprudent"

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 9
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

investment and the plan suffered an alleged loss because both those participants' accounts and the plan as a whole held less in assets than if the fiduciaries had selected prudent investments that generated better returns. And there would have been a loss to the plan's aggregate assets even if just a subset of participants invested in the imprudent funds. That, obviously, is not this case.[5]

Plaintiffs admit that they do not seek relief for all participants, or relief for an alleged breach that harmed the corpus of the Plan. Instead, they seek to recover the difference between what participants with account balances of $5,000 or more paid for recordkeeping fees and the admittedly reasonable fee of $38 (or less) that was assessed to the Plan. That is an individual injury (if an injury at all), and not one based on a loss to the Plan. This is one more reason for dismissal. *See Wise*, 600 F.3d at 1189.

### F. Plaintiffs Do Not State A Failure-to-Monitor Claim.

In Claim Two, Plaintiffs allege REI and the Board breached their duty to monitor the Committee. The parties agree this claim is derivative of Plaintiffs' other claims, *see* Opp'n at 17-18, meaning the monitoring claim falls with the primary claim. Mot. at 19.

### III. CONCLUSION

Plaintiffs ask this Court to adopt a theory no court has ever endorsed, namely that a fiduciary breaches its duties of prudence and loyalty by allocating recordkeeping fees in a way that requires some participants to pay more than others. This is a challenge to the Plan's design as determined by REI in its settlor capacity and fails as a matter of law for that reason alone. Further, if Plaintiffs' theory were correct, then both the pro rata method approved by the DOL in FAB 2003-03 and the revenue sharing method for paying fees approved by every Circuit Court to

---

[5] Plaintiffs also ask the Court to order Defendants to implement a fee allocation methodology that disadvantages participants with account balances of less than $5,000 by requiring all participants to pay the same amount for fees. Compl. ¶¶ 97-98. That requested relief highlights that there is no loss to the Plan—Plaintiffs simply want the total reasonable fee of $38 spread equally across all participants, so even if the Court ordered that relief, the Plan would not have a penny more. *E.g.*, *Leckey*, 501 F.3d at 226 (loss occurs when value of plan assets is less than it would have been absent the breach).

REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED COMPLAINT - 10
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

consider the issue would also violate ERISA. But it is not the law, and Plaintiffs' claims fail for a host of reasons. Accordingly, the Court should dismiss the Complaint with prejudice.

DATED this 27th day of June, 2025.

*I certify that this memorandum contains 3,883 words, in compliance with the Local Civil Rules.*

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Marisa L. Berlinger*
Marisa L. Berlinger (WSBA No. 58991)
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Fax: (206) 274-6401
Email: marisa.berlinger@morganlewis.com

Deborah S. Davidson (IL Bar No. 06255813)
*Admitted Pro Hac Vice*
110 North Wacker Drive
Chicago, IL 60606-1511
Phone: (312) 324-1159
Fax: (312) 324-1001
Email: deborah.davidson@morganlewis.com

Sean McMahan (TX Bar No. 24130831)
*Admitted Pro Hac Vice*
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Phone: (214) 466-4102
Fax: (214) 466-4001
Email: sean.mcmahan@morganlewis.com

Thomas Duda (CABar No. 350991)
*Admitted Pro Hac Vice*
1400 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 843-4000
Fax: (650) 843-4001
Email: thomas.duda@morganlewis.com

*Counsel for Defendants*

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT - 11
(Case No. 3:24-cv-06032-TMC)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401